UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL KIMMEL,

      Plaintiff,	Case No. 16-11952

v.	Paul D. Borman
    United States District Judge

COUNTY OF JACKSON, JERARD
JARZYNKA, CHRISTOPHER DICKERSON,
CRAIG PAPPIN, and ANTHONY RADUAZO,
in their individual and official capacities,

      Defendants.
_____/

ORDER OF DISMISSAL WITH PREJUDICE FOR FAILURE TO PROSECUTE

On February 17, 2017, the Court issued an Order adjourning a February 22, 2017 scheduled status conference to accommodate the Plaintiff and warning the Plaintiff that his attendance at the rescheduled status conference on Wednesday, March 1, 2017, was mandatory. The Court expressly warned the Plaintiff in its February 17, 2017 Order that he "must attend" the rescheduled status conference "or face dismissal of his claims for failure to prosecute." ECF No. 38, Order Canceling Hearing and Rescheduling Status Conference for Wednesday, March 1, 2017. Plaintiff failed to appear on March 1, 2017, as ordered, without any cause or justification communicated to the Court.

Rule 41(b) authorizes the involuntary dismissal of a case for want of prosecution if "the plaintiff fails to prosecute or to comply with [the federal rules of civil procedure] or a court order." Fed. R. Civ. P. 41(b). "Rule 41(b) recognizes the power of the district court

1

to enter a *sua sponte* order of dismissal." *Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The rule contemplates that the courts have an inherent power, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630.

E.D. Mich. L.R. 41.2 likewise permits the court, on its own motion and after reasonable notice or an application of a party, to enter an order dismissing a case in which the plaintiff has taken no action for a reasonable time, absent a showing of good cause for the inactivity.

When contemplating dismissal of an action under Rule 41(b), a court will consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Steward*, 8 F. App'x at 296. "Prior notice, or lack thereof, is the key consideration when determining whether a district court abuses its discretion in dismissing a case for failure to comply with a court order." *Steward*, 8 F. App'x at 296 (citing *Stough v. Mayville Community Schools*, 138 F.3d 612, 615 (6th Cir. 1998)). The failure to comply with a "readily comprehended" Court order "constitutes bad faith or contumacious conduct and justifies dismissal." *Steward*, 8 F. App'x at 296-97 (citing *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991) and *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

The Court finds that Plaintiff's failure to attend the March 1, 2017 status conference, having been warned of the consequences of his failure to appear, was both willful and in bad faith. Plaintiff was warned that his failure to appear for the rescheduled status conference on March 1, 2017, would result in dismissal of his claims for failure to prosecute. In addition Defendants, who have been waiting months for resolution of their long-pending motions to dismiss, have been prejudiced by Plaintiff's conduct.

Accordingly, the Court DISMISSES Plaintiff's Complaint WITH PREJUDICE pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 2, 2017

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 2, 2017.

s/Deborah Tofil
Case Manager